```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

-------------------------------- x
KENNY/OBAYASHI IV, A JOINT       :
VENTURE LLP,                     :
                                 :
         Plaintiff,              :
                                 :
v.                               :  Civil No. 3:21-cv-1283 (AWT)
                                 :
THE METROPOLITAN DISTRICT,       :
HARTFORD COUNTY, CONNECTICUT,    :
                                 :
         Defendant.              :
-------------------------------- x
```

**RULING ON MOTION TO DISMISS**

Defendant The Metropolitan District, Hartford County, Connecticut ("MDC") moves to dismiss the complaint filed by plaintiff Kenny/Obayashi IV, A Joint Venture LLP ("KOJV") on the grounds of <u>forum non conveniens</u>. For the reasons set forth below, the defendant's motion is being granted.

**I.    FACTUAL BACKGROUND**

In 2016, the plaintiff and the defendant entered into a contract to begin the South Hartford Conveyance and Storage Tunnel and Shaft Construction. The contract provided for the establishment of a three-member Dispute Review Board ("DRB") in accordance with Section 00803 of the contract documents ("DRB Specification") (<u>see</u> ECF No. 14-4 at 6-12). The DRB Specification set forth the process for appointing members to the DRB. After the contract was signed, the plaintiff, the

-1-

defendant, and the three original members of the DRB entered into a separate agreement entitled "Dispute Resolution Board Three Party Agreement" ("TPA") (see ECF No. 14-4 at 13-19).

Article XI of the TPA, entitled "Disputes Regarding This Three Party Agreement," provides:

> Any dispute among the parties hereto, arising out of the Work or other items of this Agreement, which cannot be resolved by negotiation and mutual concurrence between the parties, shall be referred to the Superior Court, Judicial District of Hartford, State of Connecticut.

TPA (ECF No. 14-4 at 18), Art. XI. Article II includes within "[t]he Scope of Work of the BOARD" project site visits, establishment of procedures, resolution of disputes, and member replacement. TPA (ECF No. 14-4 at 14), Art. II. There are inconsistencies with respect to the use of the word "work" throughout the TPA. Nevertheless, Article I and Article II make it clear that, for the purposes of the TPA, "Work" is the work of the DRB, not work on the project.

Article XII of the TPA, entitled "Venue, Applicable Law, and Personal Jurisdiction," provides in relevant part that:

> In the event that any party deems it necessary to institute legal action or proceedings to enforce any right or obligation under this Agreement, the parties hereto agree that any such action shall be initiated in the Superior Court, Judicial District of Hartford, State of Connecticut. . . .

TPA (ECF No. 14-4 at 18), Art. XII.

In December 2020, in response to an ongoing dispute between

the plaintiff and the defendant regarding proposed changes to the project, the plaintiff requested that the DRB conduct a hearing. In April 2021, the DRB held a hearing on the dispute, and both parties consented to the DRB's request for additional time to deliberate and issue a written recommendation. To date, the DRB has not issued a written recommendation.

On September 24, 2021, the plaintiff filed this action alleging that MDC "has adopted a strategy to prevent the duly appointed DRB from undertaking deliberations and issuing Recommendations on KOVJ's entitlement" by "cajoling one of the current DRB members to resign (which never happened) so that MDC can insist upon a do-over hearing." Complaint at ¶¶ 58-59. The plaintiff seeks a declaration that the plaintiff is contractually entitled to have the original DRB members deliberate and issue recommendations on the issue presented at the April 2021 hearing, that there is no properly appointed replacement for the DRB member who stepped down, that the parties must follow certain procedures set forth in the contract to appoint a replacement DRB member, and that there should be no rehearing on the dispute unless requested by the DRB. See Complaint at 37, 38-39, 40-41, 43.

The defendant has moved to dismiss for forum non conveniens. It contends that "the present dispute is governed by a contractual forum selection clause mandating that these

proceedings take place before the Hartford Superior Court." Def.'s Mot. (ECF No. 10) at 1.

**II. LEGAL STANDARD**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 60 (2013). "[W]hen a defendant moves to dismiss on the ground of *forum non conveniens*, courts assess: (1) the deference to be accorded the plaintiff's choice of forum; (2) the adequacy of the alternative forum proposed by the defendants; and (3) the balance between the private and public interests implicated in the choice of forum." Fasano v. Yu Yu, 921 F.3d 333, 335 (2d Cir. 2019). "Where the parties have contractually selected a forum, however, the forum selection clause substantially modifies the *forum non conveniens* doctrine and the usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum." Id. (internal quotation marks and citations omitted). In these cases, "[i]f the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007). "A party can overcome this presumption only by . . . 'making a sufficiently strong showing

that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014) (quoting Phillips, 494 F.3d at 383-84).

**III. DISCUSSION**

The parties disagree about whether the plaintiff's claims are subject to a forum selection clause. The defendant argues that Articles XI and XII of the TPA apply to "any litigation 'to enforce any right or obligation' under the DRB Specifications and the TPA," Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") (ECF No. 11) at 5. The plaintiff argues that neither article is relevant and that "the terms of the TPA are completely irrelevant to understanding the respective rights and obligations of KOJV and the MDC to each other" because "the subject matter of this dispute originates from the Construction Contract, and specifically, the DRB Specification," which contains no applicable forum selection clause. Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Obj.") (ECF No. 14) at 20-21.[1]

---

[1] The parties are in agreement that Article 17 of the contract's General Conditions is inapplicable because neither condition set forth in the contract is satisfied. See General Conditions (ECF No. 14-3 at 90), Art. 17.01. See also Def.'s Mem. at 3 n.2 ("Neither of the conditions precedent for Article 17 to apply have been met."); Pl.'s Obj. at 13 ("[T]he forum selection clause in Article 17 does not govern in this case.").

-5-

The court agrees with the plaintiff that Article XI is not an applicable forum selection clause. Article XI provides that certain disputes "arising out of the Work or other items of this Agreement . . . shall be referred to the Superior Court, Judicial District of Hartford, State of Connecticut," when those disputes "cannot be resolved by negotiation and mutual concurrence between the parties." TPA (ECF No. 14-4 at 18), Art. XI. It appears that the purpose of Article XI is to prevent a party from referring a dispute arising out of the work of the DRB or the TPA itself to the DRB for settlement. This clause would be triggered in circumstances where it would be inappropriate for the DRB to entertain such a referral and make a written recommendation. For example, Article VII.B of the TPA allows members of the DRB to "submit invoices for payment for work completed" and requires that "[s]atisfactorily submitted invoices shall be . . . paid to the BOARD member within 15 days [after] CONTRACTOR receives payment from the OWNER." TPA (ECF No. 14-4 at 17), Art. VII.B. In the event of a "dispute among the parties" to the TPA as to whether a board member's invoices were appropriate or satisfactorily submitted, Article XI prevents any party from referring the matter to the DRB for a written recommendation and instead directs the parties to resolve the matter informally or else to bring suit in Connecticut Superior Court. Another example would be the

provision in Article V.C that "[t]he OWNER will arrange for or provide conference facilities at or near the site, and provide secretarial and copying services." Article XI prevents parties from referring a dispute about whether the DRB is being given the requested support to the DRB itself for a written recommendation.

Such an understanding is consistent with Section XI of the American Society of Civil Engineers' model language for third-party agreements, which provides:

> Any dispute among the parties hereto, arising out of the work or other items of this Agreement, which cannot be resolved by negotiation and mutual concurrence between the parties, shall be referred to the _____ Court of the (jurisdiction) _____, as provided in Section XII following.

Construction Disputes: Practice Guide with Forms § 14.07, Form 14-9 (emphasis added). The model language for Article XI reflects that Article XII is the operative forum selection clause.

The plaintiff maintains that the word "among" in Article XI limits its applicability to disputes involving all three parties to the TPA, so the reason it does not apply to this dispute is that it only involves two of the three parties. Pl.'s Obj. at 19-20. However, the use of the word "among" reflects the notion that the word "between" "can be used only of the relationship between two things, and that if there are more *among* is the

right preposition." Ralto Devs., Inc. v. Env't Impact Comm'n of City of Danbury, 220 Conn. 54, 60 n.4 (1991) (quotations omitted). Nothing in the TPA suggests that "among" should be interpreted in this context as the plaintiff suggests. But even if one accepts the plaintiff's position, nothing in the DRB Specifications or the TPA requires that a dispute satisfy criteria in Article XI as a condition precedent to filing suit pursuant to Article XII.

Article XII is the applicable forum selection clause. It provides that if "any party deems it necessary to institute legal action or proceedings to enforce any right or obligation under this Agreement," such "action shall be initiated in the Superior Court, Judicial District of Hartford, State of Connecticut." TPA (ECF No. 14-4 at 18), Art. XII. Absent a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching"--none of which the plaintiff has claimed here--the forum selection clause controls. Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014) (quoting Phillips, 494 F.3d at 383-84).

The plaintiff has brought a "legal action . . . to enforce a[] right or obligation" under the TPA. TPA (ECF No. 14-4 at 18), Art. XII. The TPA provides that "[t]he Scope of Work of the BOARD includes" the duty to "[r]ecommend [r]esolution of

-8-

[d]isputes," and the TPA sets out procedures for replacing a board member, including requirements that "the replacement member shall be appointed in the same manner as the original members" and that "[t]he selection of a replacement BOARD member shall begin promptly upon notification of the necessity for a replacement and shall be completed within four weeks." TPA (ECF No. 14-4 at 15), Art. II.C-D. The plaintiff seeks a declaration that it is entitled to have the original DRB deliberate and issue its recommendations, that there is no properly appointed replacement for the DRB member who stepped down, that replacement members must be appointed in accordance with certain procedures, and that there should be no rehearing on the dispute unless requested by the DRB. See Complaint at 37, 38-39, 40-41, 43. Each of these requests for relief is based on the plaintiff's contractual rights set forth in the TPA rather than on rights in the DRB Specification. The DRB Specification contains no provision for replacement of board members, only for appointing them in the first instance. See DRB Specification (ECF No. 14-4 at 8), Art. 1.3.G.

As to the other requirements under Phillips, "the clause was reasonably communicated to the party resisting enforcement." Phillips, 494 F.3d at 383. The clause was communicated to the plaintiff, and the plaintiff consented to the clause by signing the TPA. In addition, the clause is "mandatory." Id. It states

that legal actions or proceedings "shall be initiated" in the specified forum. Contrast with General Conditions (ECF No. 14-3 at 90), Art. 17.01.B ("Owner or Contractor may submit the dispute to a court of competent jurisdiction with the venue being Hartford County in the State of Connecticut.") (emphasis added). Finally, the clause covers "the claims and parties involved in the dispute" raised here because, as described above, the plaintiff seeks to enforce its right to a hearing under the TPA and a written recommendation from the DRB. Phillips, 494 F.3d at 383.

The plaintiff argues that its dispute is with the defendant, not with the DRB or its members, and that the TPA "does not set forth any rights or obligations that run between" the plaintiff and the defendant, only rights and obligations between the DRB and the two parties here. Pl.'s Obj. at 20. The plaintiff contends that the defendant is frustrating the contract and the TPA alike by preventing the DRB from fulfilling its duties. See Complaint at ¶¶ 87-89, 125-27. But that simply means that the defendant is interfering with the plaintiff's rights under the TPA to have the DRB fulfill its duties. As set forth above, the plaintiff must enforce those rights pursuant to Article XII.

**IV. CONCLUSION**

For the reasons set forth above, the defendant's Motion to Dismiss for Forum Non Conveniens (ECF No. 10) is hereby GRANTED.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

Dated this 31st day of March 2022, at Hartford, Connecticut.

                                                  /s/AWT
                                          Alvin W. Thompson
                                United States District Judge